IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| CANDACE ALSTON,<br>10012 Cedarhollow Ln<br>Largo, MD 20774<br><br>    Plaintiff,<br><br>v.<br><br>CHESAPEAKE COLLECTIONS, INC.<br>11 Stillway Garth<br>Cockeysville, MD 21030<br><br>    Defendant,<br><br>EQUIFAX INFO. SERVICES, LLC<br>c/o CSC-Lawyers Incorporating Service Company<br>7 St. Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>    Defendant. | Case No. CAL20-15741<br><br>**FILED**<br><br>SEP 1 6 2020<br><br>CLERK OF THE CIRCUIT COURT<br>FOR PRINCE GEORGE'S COUNTY, MD |

## COMPLAINT AND JURY DEMAND

Plaintiff, Candace Alston sues defendants Equifax Information Services, LLC ("Equifax") and Chesapeake Collections, Inc. ("Chesapeake") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681.

### PARTIES TO THIS ACTION

2. Plaintiff Candace Alston ("Ms. Alston") is a natural person who resides in the Southern Division of Maryland. Ms. Alston is a consumer as defined by the FCRA at § 1681a(c).

3. Chesapeake is a debt collector that is not licensed to collect debts in Maryland.

4. Equifax is a credit reporting agency as defined by the FCRA at § 1681a(f).

1

## FACTUAL ALLEGATIONS

5. Ms. Alston's credit report with Equifax indicates that Chesapeake was permitted to gain access to her personal and credit information on July 30, 2019 for collection purposes.

6. Ms. Alston is not in default on any debt.

7. Chesapeake was not collecting on any debt associated with Ms. Alston.

8. Chesapeake is not a debt collector in Maryland.

9. Chesapeake did not obtain Ms. Alston's report to collect on a debt.

10. Equifax disbursed Ms. Alston's credit report without confirming Chesapeake had a permissible purpose to obtain her report.

11. Equifax knew Chesapeake was not licensed to collect debts in Maryland and therefore, Chesapeake was not collecting on a debt when it requested Ms. Alston's report.

12. Alternatively, Equifax should have known Chesapeake was not licensed to collect debts in Maryland and acted recklessly by releasing Ms. Alston's report to Chesapeake.

## COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1681b

13. Plaintiff incorporates the previous allegations above as if set forth herein in full.

14. Defendant Chesapeake violated § 1681b(f) by obtaining Plaintiff's report for a collection inquiry when Chesapeake was not collecting on any debt of Plaintiff.

15. Defendant's intrusion into Plaintiff's privacy was either intentional, or Defendant cared so little about its duties owed under the FCRA that its conduct was carried out with reckless disregard, giving rise to a willful violation and rendering Defendants liable pursuant to § 1681n.

16. As a result of Defendant's violation of 15 U.S.C. § 1681b, Plaintiff suffered actual damages, including but not limited to: pecuniary costs, mental anguish and emotional distress.

17. The violations by Defendant were willful, rendering them liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

18. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT TWO: VIOLATIONS OF 15 U.S.C. §1681q

19. Plaintiff incorporates the previous allegations above as if set forth herein in full.

20. Based upon the Equifax credit report, the Defendant obtained Plaintiff's report for purposes of collecting on a debt.

21. Obviously, Defendant knew it was not collecting on a debt as Defendant was not licensed to collect debts in Maryland, and no creditor of Plaintiff referred her account to Defendant for collection purposes.

22. Upon information and belief, the Defendant falsely represented to Equifax that it was obtaining Plaintiff's report for the purpose of collecting a debt.

23. Upon information and belief, the Defendant made the false representation to Equifax, because the Defendant did not have a permissible purpose to obtain her report.

24. Defendant violated 15 U.S.C. § 1681b(q) by falsely representing its true purpose for obtaining Plaintiff's consumer report.

25. Defendant's intrusion into Plaintiff's privacy was either intentional, giving rise to a willful violation and rendering Defendant liable pursuant to § 1681n.

26. As a result of Defendant's violation of 15 U.S.C. § 1681q, Plaintiff suffered actual damages, including but not limited to: pecuniary costs, mental anguish and emotional distress.

27. The violations by Defendant were willful, rendering them liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

28. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT THREE: VIOLATION OF 15 U.S.C. § 1681e(a)

29. Plaintiff incorporates the previous allegations above as if set forth herein in full.

30. Defendant Equifax released Plaintiff's credit report to Chesapeake for a collection inquiry despite knowing Chesapeake did not collect debts in Maryland.

31. Further, Equifax did not require Chesapeake to certify that it had a permissible purpose to obtain Plaintiff's report before Equifax allowed Chesapeake access to her report.

32. Upon information and belief, Equifax does not require its subscriber to certify its reasons for obtain consumers' credit reports or Equifax only requires a one-time blanket certification is often several years or more old and that Equifax knows, or has reason to suspect, does not represent the subscribers true and current reason for obtain a consumer's report.

33. Defendant Equifax violated § 1681e(a) by failing to maintain reasonable procedures designed to avoid furnishing Plaintiff's credit report to Chesapeake for an impermissible purpose.

34. As a result of Equifax's violations of § 1681e(a), Plaintiff suffered actual damages, including but not limited to: pecuniary costs, mental anguish and emotional distress.

35. The violation by Equifax was willful, rendering Equifax liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants Equifax Info. Servs. LLC and Chesapeake Collections, Inc.; for her fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

TRIAL BY JURY IS DEMANDED.

Dated: September 12, 2020

Respectfully submitted,

_____
Candace Alston
10012 Cedarhollow Ln
Largo, Maryland 20774
Tel: (240) 605 - 3384
E-mail: candace.alston@gmail.com

*Pro Se Plaintiff*